IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CONNIE WILSON,**

      Plaintiff,

vs.                                    Civ. No. 06-1261 BB/ACT

**UNITED STATES OF AMERICA and
DR. ISRAEL PENNEY,**

      Defendants.

### **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** comes before the Court on its Order entered December 4, 2007 [Doc. 22]. The Order stated, *inter alia,* that if Plaintiff failed to submit her portion of the Joint Status Report and a Provisional Discovery Plan to counsel for Defendants and the Court, and respond to Defendants' Motion to Compel by December 31, 2007, the Court will recommend to the district judge that her lawsuit be dismissed with prejudice. Plaintiff has failed to comply with the Order.

### **Proposed Findings.**

Plaintiff's Complaint was transferred from the Eastern District of Arkansas, Western Division, on December 28, 2006. Counsel for Plaintiff were permitted to withdraw on January 16, 2007 [Doc. 5]. Plaintiff was given sixty days to retain new counsel. When Plaintiff failed to retain

---

[1] Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 626(b)(1)(C). Within ten days after a party is served with a copy of the proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas, N.W., Albuquerque, NM, 87102. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

new counsel, the Court entered its Initial Scheduling Order on March 22, 2007 [Doc. 7]. The Court held a Rule 16 Scheduling Conference on May 18, 2007 [Doc. 10]. Plaintiff appeared by telephone. On June 20, 2007, the Court ordered the parties to submit their Joint Status Report and Provisional Discovery Plan no later than July 31, 2007 [Doc. 15]. On August 1, 2007, Defendants submitted to the Court their portion of the Joint Status Report and Provisional Discovery Plan.

On September 11, 2007, Defendants filed a Motion to Compel Initial Disclosures, to Compel Answers to Defendants' First Set of Interrogatories and Responses to Defendant's First Request for Production of Documents, and Motion for Sanctions and Memorandum in Support [Doc. 18]. Plaintiff did not respond to the Motion to Compel. On October 25, 2007, the Court ordered the Plaintiff to respond to Defendants' Motion to Compel and warned the Plaintiff that failure to comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court, and the Orders of this Court could result in a recommendation to the presiding judge that her lawsuit be dismissed with prejudice [Doc. 21].

On December 4, 2007, the Court entered an order [Doc. 22] warning Plaintiff again that if she did not submit her portion of the Joint Status Report and a Provisional Discovery Plan to counsel for Defendants and the Court, and respond to Defendants' Motion to Compel by December 31, 2007, the Court will recommend to the district judge that her lawsuit be dismissed with prejudice. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

Federal Rules of Civil Procedure 16(f) and 37(b)(2) permit the court to impose sanctions for discovery violations. The determination of a correction sanction for a discovery violation is a fact specific inquiry. *Ehrenhaus*, 965 F.2d at 920. The *Ehrenhaus* factors include: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process;

(3) the culpability of the litigant: (4) whether the court warned the party in advance that dismissal of the action would likely be taken as a sanction for non-compliance; and (5) the efficacy of lesser sanctions.  *Id*. at 921.

Plaintiff's failure to engage in discovery prejudiced the opposing party.  Defendants are not able to defend this action.  Plaintiff's conduct interferes with the judicial process by disregarding the Orders of the Court and the Federal Rules of Civil Procedure and the Local Rules of the United States District Court.  The Plaintiff is culpable.  She commended this litigation and then failed to prosecute this case.  The Court has warned the Plaintiff in two Orders [Doc. Nos. 21 and 22] that it would recommend to the district judge that her lawsuit be dismissed with prejudice.  Finally, in light of Plaintiff's blatant disregard of the Court's Orders, lesser sanctions would not be effective.

## **Recommended Disposition.**

I recommend that Plaintiff's Complaint be dismissed with prejudice.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**